IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN STRONG,**

**Plaintiff(s),**

**vs.**                                                    **CIVIL NO.07-1062 WPJ/WDS**

**EDGAR ACOSTA et. al.,**

**Defendant(s).**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

Plaintiff filed two motions for default judgment which are pending before the Court: a Motion for Default Judgment as to Defendant Casey Barnes, filed February 1, 2008 (Doc. 9), and a First Motion for Default Judgment as to Defendants Edgar Acosta and Alanna Acosta, filed March 28, 2008 (Doc. 11). Default was entered against the three Defendants by the Clerk of the Court on April 18, 2008. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the motions should be granted. The court makes the following findings and recommended disposition.

### PROCEDURAL HISTORY

The complaint in this matter was filed on October 23, 2007. Three Defendants named in the complaint, Brad Joel, Shane Garrow and Ty Timmons, were voluntarily dismissed from the matter.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

(Document 4, 8)  The three Defendants who are the subjects of the pending motions are the sole remaining Defendants in the case.  Edgar Acosta was served on October 31, 2007.  (Document 5)  Alanna Acosta was served on October 29, 2007.  (Document 6)  Casey Barnes was served on November 1, 2007.  (Document 7)  None of the Defendants has filed an answer, or otherwise responded to, the Complaint.

On April 17, 2008 Plaintiff filed a praecipe, with supporting affidavit of non-military service, requesting that the clerk enter default as to Defendants Edgar Acosta, Alanna Acosta, and Casey Barnes. (Document 13, 14)  Default was entered on April 18, 2008. (Document 15)  Upon referral of this matter to the undersigned, a damages hearing was scheduled for July 30, 2008, at which hearing the Plaintiff appeared and testified.  The Defendants did not appear at the hearing.

## FACTUAL BACKGROUND

Plaintiff resides in Santa Fe, New Mexico.  Defendants reside in Tulsa, Oklahoma. Defendants proposed that Plaintiff invest in a health care company specializing in rehabilitation, called Harvard Medical.  Over a period of time Plaintiff invested $145,000 with the Defendants.  At some point he started to receive $1,000 per month from the Defendants, which was represented as a return on his investment.  At a later point, this was increased to $2,000 per month.  Plaintiff traveled to Oklahoma and toured the Harvard Medical facility, and was consistently told by the Defendants that the business was successful.

Subsequently, Defendants advised the Plaintiff that they were expanding the business into hospice services.  Plaintiff agreed to invest an additional $150,000, an amount which Defendants agreed to hold in a Certificate of Deposit at the Bank of Oklahoma for one year while the application for the hospice license was processed. During this time, only interest on the $150,000 principal was to be used for expenses, which Plaintiff was told would be minimal for the first year. Plaintiff was

explicitly assured that the $150,000 principal would remain untouched until the hospice license was granted.

At some point Plaintiff became suspicious and pressed Defendants for some proof that business was being conducted at Harvard Medical, and that the hospice project was progressing. Plaintiff discovered that Harvard Medical was not a functioning business, that there was no actual effort to start a hospice, that the money he had received as "profit" was actually his own investment money being paid back to him, and that the Defendants had diverted a significant portion of his $295,000 investment for their personal use. Plaintiff managed to recover $108,400 of his losses by getting his money out of a bank account maintained by the Defendants, but he is still owed $186,600.

## ANALYSIS

Plaintiff's complaint sets forth credible claims for breach of contract and fraud, and I conclude that he is entitled to recover damages on those grounds. Plaintiff asserted a claim under New Mexico's Unfair Trade Practices Act, NMSA 57-12-1, *et seq*. but I conclude that that statute is inapplicable to the facts set forth in the complaint. Plaintiff's total investment amounted to $295,000. Plaintiff testified at the proof hearing on July 30, 2008 that he had received $108,400 back from Defendants as fraudulent profits and through a partial refund of his investment. I conclude that Plaintiff sustained damages in the amount of $186,600.

I further find that Defendants, by defrauding Plaintiff and converting his investment for their personal purposes, acted maliciously, willfully, and wantonly, and that an award of punitive damages is merited. An award of punitive damages in the amount of $200,000 is, in my opinion, reasonably related to the injury to Plaintiff and to the damages given as compensation. An award of punitive damages in the above amount would not be disproportionate to the circumstances of this

case.

## RECOMMENDED DISPOSITION

The undersigned recommends that Plaintiff's Motions for Default Judgment (Documents 9 and 11) be GRANTED, and that Judgment be entered against the Defendants in the amount of $186,600 representing compensatory damages and in the amount of $200,000 representing punitive damages, for a total judgment of $386,600.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**W. DANIEL SCHNEIDER**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**